# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JAY RILEY**                                                                                       **PLAINTIFF**

v.                                                                              Civil No. 2:23-cv-037-HSO-BWR

**PETAL MS CITY GOVERNMENT, et al.**                                                   **DEFENDANTS**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14]

BEFORE THE COURT is United States Magistrate Judge Bradley W. Rath's Report and Recommendation [14], entered on March 31, 2024, which recommends dismissal of Plaintiff Jay Riley's claims with the exception of: (1) his excessive force claim against Defendant Petal Police Officer Deriginal Williamson; (2) his failure to intervene claim against Defendant Petal Police Officer Lee;[1] (3) his civil conspiracy claim against Defendant Petal MS City Government; and (4) his civil conspiracy claim against Defendant former Petal Mayor Hal Marx.  R. & R. [14] at 12 (emphasis removed).  Plaintiff Jay Riley has filed a letter [15] which the Court liberally construes as an objection.  After due consideration of the Report and Recommendation [14], the Objection [15], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [15] should be overruled and the Magistrate Judge's Report and Recommendation [14] should be adopted as the finding of this Court.

---

[1] Plaintiff Jay Riley's Complaint [1] does not provide a first name for Office Lee.  Compl. [1] at 3.

I.  BACKGROUND

A.  Factual background

Plaintiff Jay Riley ("Plaintiff" or "Riley") filed this Complaint [1] on May 8, 2023, naming Petal MS City Government ("Petal" or "the City") and Petal Police Department ("PPD") in the caption as Defendants.  *See* Compl. [1].  The body of the Complaint [1] also named Petal Police Chief Matthew Hiatt ("Chief Hiatt"), Petal Alderman Drew Brickson ("Alderman Brickson"), Petal's current Mayor Tony Ducker ("Mayor Ducker"), Petal's former Mayor Hal Marx ("Mayor Marx"), former Petal Police Officer Deriginal Williamson ("Officer Williamson"),[2] Petal Police Officer Jeremy Brown ("Officer Brown"), Petal Police Officer Lee ("Officer Lee"), and attorney Rocky Eaton ("Eaton").  *Id.* at 2-3.

When asked to provide a short and plain statement of his claim, Plaintiff wrote that:

> Officers Jeremy Brown and Deriginald Williamson have cause [sic] an accident that has left me cripple and without surgery I'm looseing [sic] my right side been denied medical attention they tampered with evidence in a case to cover what they did. Then harassed me through town denied me medical attention then proof the government let me go cripple, cost me my child in a court case trying to hinder prosecution. There is so much more but my hand hurts.

*Id.* at 5.  As relief, Plaintiff seeks "[d]octors visits and surgery, out of court settlement [$]250,000 a year for life and [$]500,000 to start."  *Id.*

Plaintiff, who is proceeding pro se and in forma pauperis, was ordered to complete a Magistrate Judge's Questionnaire, *see* Order [3], but, even after Plaintiff

---

[2] At times Plaintiff also refers to Officer Williamson as "Deriginald Williamson."  *See* Compl. [1] at 5.

completed the questionnaire, his claims remained unclear, such that the Magistrate Judge held a screening hearing pursuant to 28 U.S.C. § 1915(e)(2)(B), *see* Minute Entry, July 27, 2023. At this hearing, Plaintiff alleged claims arising under facts spanning three years and seven months. R. & R. [14] at 2-3.

Specifically, Plaintiff claimed that his right hand was permanently injured in August and September 2019 in two separate encounters with Officers Brown and Williamson. *Id.* at 5-6. He also asserted that Mayor Marx ordered PPD officers to harass him "because Riley 'kn[e]w a lot of things that was going on in Petal that shouldn't have been going on.'" *Id.* at 7 (alteration in original). Plaintiff maintained that he had multiple verbal altercations with Officers Williamson and Brown in the following weeks, including when he pled guilty to telephone harassment in Petal Municipal Court on November 19, 2019. *Id.* At his guilty plea, he pointed to his injured hand and proclaimed that he was suing Officer Brown, and that the officers "took evidence out so nothing could trace back to them." R. & R. [14] at 7-8. He insisted that this evidence included a text message that could help him prove that the officers harassed and injured him. *Id.* at 8.

Plaintiff also recalled a Petal Board of Aldermen Meeting on May 29, 2020, where, during a period set aside for public comment, he unwrapped and raised his injured hand, and "said he was not 'going to be their secret, like other secrets.'" *Id.* at 11. He contended that Mayor Marx then signaled to Officer Brown to get another officer and "get me called out because he knew what the situation was." *Id.* Plaintiff alleged that sometime between May 29, 2020, and June 10, 2020, Mayor

Marx sent Officer Lee, Officer Williamson, and another unidentified officer to his apartment to "shut [Riley] up." *Id.* at 12 (alteration in original). Plaintiff testified that sometime during this exchange Officer Williamson reinjured Plaintiff's hand when the officer grabbed him and shoved him into his chair. *Id.*

In 2021, Plaintiff was a party to a guardianship proceeding in Forest County Chancery Court. Ex. [6-1] at 26-29; *see also Jennifer Eakes v. Jay Riley*, Civil Action No. 21-PR-00237-SM (Ch. Ct. Forrest Cnty., Miss. filed Oct. 4, 2021). Jennifer Eakes petitioned for guardianship of Plaintiff's young son and was appointed as temporary guardian on October 13, 2021. Ex. [6-1] at 20-23; *see also Jennifer Eakes v. Jay Riley*, Civil Action No. 21-PR-00237-SM (Ch. Ct. Forrest Cnty., Miss. Oct. 13, 2021) (order appointing a temporary guardian for a minor). A hearing was scheduled for November 17, 2021. R. & R. [14] at 16. Plaintiff had subpoenas issued summoning "The City of Petal MS, Mayors Office, 39465," "The City of Petal MS, Aldermans Office 39465," and "The City of Petal MS, Police Department 39465" to attend the hearing. Ex. [6-1] at 14-15, 51, 66.

On November 10, 2021, Eaton, representing Petal, moved to quash the subpoenas and for a protective order and sanctions, arguing that the subpoenas "were not directed to any specific person" and were improperly served. *Id.* at 30-33 (emphasis removed). Eaton posited that Plaintiff exercised the subpoena power in bad faith, such that a protective order prohibiting Plaintiff "from issuing subpoenas of any kind in this matter towards Petal, its departments, employees, and officials without prior Court approval" was necessary. *Id.* at 31-32. After the hearing, the

4

Chancellor granted Eaton's Motion, and appointed Jennifer Eakes as the minor's guardian. *Id.* at 67.

After leaving the hearing, Plaintiff was arrested for failing to pay a fine for his telephone harassment conviction and was incarcerated for three days. R. & R. [14] at 19. Plaintiff claimed he was wrongly arrested because the Rolling Jubilee Fund, a nonprofit organization, had paid his fine. *Id.* However, the Rolling Jubilee Fund only covered the cost of supervising Plaintiff's probation and not this criminal fine. *Id.* at 19-20; Ex. [6-1] at 11.

B.  Magistrate Judge's Report and Recommendation [14]

Following the screening hearing, the Magistrate Judge submitted his Report and Recommendation [14], recommending dismissal of most of Plaintiff's claims. *See generally* R. & R. [14]. The Magistrate Judge found that all claims against PPD should be dismissed because, under Mississippi law, "a police department is not a separate legal entity that may be sued but is instead an extension of the city." *Id.* Regarding the claims arising out of facts alleged to have occurred in 2019, the Magistrate Judge recommended that they be dismissed because the statute of limitations for any claims arising under 42 U.S.C. § 1983 or under state tort law had expired. *Id.* 6-11. Concerning the May 29, 2020, Petal Board of Aldermen meeting, the Magistrate Judge concluded that Plaintiff "fail[ed] to provide factual content from which it could reasonably be inferred that Riley has a plausible §1983 or state law claim based on what occurred there." *Id.* at 11-12.

5

Plaintiff's claims against Eaton arose from a state court proceeding, thus the Magistrate Judge found that to the extent Plaintiff attacked the state court's judgment, this Court lacked jurisdiction to entertain such claims under the *Rooker-Feldman* doctrine. *Id.* at 18 (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Magistrate Judge recommended that any intentional tort claims against Eaton should also be dismissed because the Complaint [1] was filed after the one-year statute of limitations had passed. R. & R. [14] at 18-19. As for any perjury claim, the Magistrate Judge found that Plaintiff does not have an individual right to pursue such a claim. *Id.* The Report and Recommendation [14] also recommended dismissal of Plaintiff's false arrest claim arising out of the 2021 arrest for failure to pay his criminal fine because Plaintiff offered no proof that he paid the fine. *Id.* at 19-20.

According to the Magistrate Judge, the only claims that should proceed are: "an excessive force claim against Officer Williamson, a failure to intervene claim against Officer Lee, a civil conspiracy claim against Petal, and a civil conspiracy claim against former Mayor Marx." *Id.* at 12 (emphasis removed). The excessive force and failure to intervene claims relate to Officers Williamson and Lee's visit to Plaintiff's apartment in 2020, where he claims they injured his hand when they shoved him into a chair. *Id.* at 12-13. Both civil conspiracy claims arise from the same facts, as Plaintiff contends that Officer Lee told him that Mayor Marx, a

policymaker for Petal, had sent them to "shut [Riley] up." *Id.* at 12-13 (alteration in original).

However, the Magistrate Judge found that Plaintiff's § 1983 claims against Mayor Ducker, Chief Hiatt, and Alderman Brickson arising from the same apartment visit fail because he "has not alleged that these supervisory officials affirmatively participated in the incident or implemented an unconstitutional policy that resulted in the alleged constitutional injury." *Id.* at 14. Likewise, any claims made under the Mississippi Torts Claims Act, Miss. Code Ann. § 11-46-1 et seq., fail because Plaintiff did not comply with the MTCA's presuit notice requirement, and any other state tort claims are time-barred. *Id.* at 15-16 (citing Miss. Code Ann. § 11-46-11(2)).

Finally, the Report and Recommendation [14] determined that Plaintiff should not be granted leave to amend his Complaint [1], because his proposed amendments seek to add parties and claims that arise out of facts involving different officers and occurring nearly a year and a half after the allegations that should survive screening. *Id.* at 20-21. The Magistrate Judge further concluded that an amendment was unnecessary because "[t]he option to object to th[e] Report and Recommendation provides Riley an opportunity to attempt to cure the deficiencies noted in th[e] Report and Recommendation." *Id.* at 21-22.

C.  Riley's Objection [15]

In response to the Report and Recommendation [14], Plaintiff filed a letter which stated:

> The evidence I'm turning in is counters to statute of limitations evidence of tampering with evidence before and after filing, evidence of the tyranny of an illegal government acting under color of law under term limits and articles 1099 of cant be seated under more than one position in government and point being cant sue again means I have to take my posistion [sic] in government to be protected cause that have family in law to take vengence [sic], and they know I'm innocent on cases wich [sic] on your motions and my statues of any case pertaining a child appeal like first case pertaining child and last is till they 18[.]

Doc. [15] at 1. Plaintiff submitted fifty-one pages of screenshots of Google searches and posts from his Facebook page as evidence. *See* Ex. [15-1]. Because courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel[,]" the Court will construe the letter as an objection to the statute of limitations findings in the Report and Recommendation [14]. *Cavalier v. Jill L. Craft Att'y at Law, L.L.C.*, No. 23-30778, 2024 WL 2846059, at *3 (5th Cir. June 5, 2024) (quotations and alterations in original omitted)).

## II. DISCUSSION

A. <u>Relevant law</u>

Where a petitioner has submitted a timely written objection to a magistrate judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Walker v. Savers*, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v.*

8

*Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).  The Court is not "required to reiterate the findings and conclusions of the magistrate judge[,]" *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).  Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review."  *Wilson*, 864 F.2d at 1221 (quotation omitted).

B.  <u>Analysis</u>

Plaintiff only objects to the Report and Recommendation's [14] reasoning on the statute of limitations issues.  *See* Doc. [15] at 1.  Having conducted the appropriate review, the Court finds that all other parts of the Magistrate Judge's Report and Recommendation [14] are neither clearly erroneous nor contrary to law, *Wilson*, 864 F.2d at 1221, and they will be adopted as the finding of the Court.

As to Plaintiff's Objection, he has not properly supported his objection with any evidence.  Merely attaching fifty-one pages of screenshots or similar material and providing no direction to the Court as to what portion of this material supposedly contradicts the Magistrate Judge's findings is insufficient to support any argument that those findings are incorrect.  *See United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) ("Judges are not like pigs, hunting for truffles buried in the record." (quoting *Albrechtsen v. Bd. of Regents of Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002))); *Gooding v. Colvin*, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) ("The district court need not

9

consider frivolous, conclusive, or general objections." (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987))).

Even if the Court conducted a de novo review it would reach the same conclusion as the Magistrate Judge. Plaintiff knew he was allegedly injured in 2019, but waited until March 8, 2023, to file his Complaint [1]. *See* Compl. [1]. The applicable statute of limitations under both § 1983 and state tort law is three-years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that under § 1983, the forum state's statute of limitations for personal injury claims applies); Miss. Code Ann. § 15-1-49 (providing a three-year statute of limitations). Moreover, any intentional tort claims against Eaton arising from the November 2021 Forrest County Chancery Court proceedings fall outside the one-year limitations period prescribed for intentional torts, Miss. Code Ann. § 15-1-35, as the state court proceedings occurred fifteen months before Plaintiff filed his Complaint [1], *see* Compl. [1]. Thus, for the same reasons stated by the Magistrate Judge, the Court finds that these claims are time-barred. Plaintiff's objection should be overruled.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Jay Riley's Objection [15] to the Report and Recommendation [14] of United States Magistrate Judge Bradley W. Rath, entered in this case on May 31, 2024, is

**OVERRULED**, and the Report and Recommendation [14] is **ADOPTED** in its entirety as the finding of this Court.

  **IT IS, FURTHER, ORDERED AND ADJUDGED** that, all of Plaintiff Jay Riley's claims except (1) an excessive force claim against Defendant Petal Police Officer Deriginal Williamson; (2) a failure to intervene claim against Defendant Petal Police Officer Lee; (3) a civil conspiracy claim against the Defendant Petal MS City Government; and (4) a civil conspiracy claim against former Defendant Petal Mayor Hal Marx, are **DISMISSED WITH PREJUDICE**.

  **SO ORDERED AND ADJUDGED**, this the 9th day of October, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE
