## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**JAY RILEY**                                                                              **PLAINTIFF**

**v.**                                                          **Civil No. 2:23-cv-37-HSO-BWR**

**CITY OF PETAL, MISSISSIPPI; HAL**
**MARX; DEREGINAL WILLIAMSON;**
**and UNKNOWN LEE**                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS CITY OF PETAL, MISSISSIPPI, HAL MARX, DEREGINAL WILLIAMSON, AND UNKNOWN LEE'S MOTION [35] FOR SUMMARY JUDGMENT

In this excessive force case arising under 42 U.S.C. § 1983, Defendants City of Petal, Mississippi, Hal Marx, Dereginal Williamson, and Unknown Lee's Motion [35] for Summary Judgment should be granted, and Plaintiff Jay Riley's claims should be dismissed with prejudice because his admissions conclusively establish that Defendants never violated his constitutional rights and that his claims are time-barred.

## I.  BACKGROUND

Pro se Plaintiff Jay Riley's ("Plaintiff") Complaint [1] offers the following brief statement of his claim:

> Officers Jeremy Brown and Deriginald Williamson have cause [sic] an accident that has left me cripple and without surgery I'm looseing [sic] my right side been denied medical attention they tampered with evidence in a case to cover what they did. Then harassed me through town denied me medical attention then proof the government let me go cripple, cost me my child in a court case trying to hinder prosecution. There is so much more but my hand hurts.

Compl. [1] at 5.  The Complaint [1] seeks relief for "[d]octors visits and surgery, out of court settlement, [$]250,000 a year for life and [$]500,000 to start."  *Id.*  The Court ordered Plaintiff to complete a Magistrate Judge's Questionnaire, *see* Ord. [3], but because his claims remained unclear, the Magistrate Judge held a screening hearing under 28 § U.S.C. 1915(e)(2)(B), *see* Minute Entry, July 27, 2023.  At that hearing, Plaintiff asserted that Defendants City of Petal, Mississippi ("City of Petal"), Hal Marx, Dereginal[1] Williamson ("Officer Williamson"), and Unknown Lee ("Officer Lee") violated his rights over the course of three years and seven months. *See* Compl. [1]; R. & R. [14] at 2-3.

After the screening hearing, the Magistrate Judge recommended the Court dismiss most of Plaintiff's claims.  *See* R. & R. [14].  The Court adopted the Magistrate Judge's Report and Recommendation and dismissed all of Plaintiff's claims except those arising from an interaction which occurred at Plaintiff's apartment.  *See* Ord. [16].  The following four 42 U.S.C. § 1983 claims arising from that encounter remain: (1) a civil conspiracy claim against the City of Petal, Mississippi; (2) a civil conspiracy claim against Hal Marx, Petal's former mayor, in his individual capacity; (3) an excessive force claim against Petal Police Officer Deriginal Williamson, in his individual capacity; and (4) a failure to intervene claim against Petal Police Officer "Unknown Lee," in his individual capacity.  R. & R. [14] at 1; Ord. [16] at 6-7.

---

[1] Plaintiff uses interchangeable spellings for "Dereginal" and "Deriginald."

2

Of relevance here, Plaintiff claimed before the Magistrate Judge that sometime between May 29, 2020, and June 10, 2020, Officer Lee, Officer Williamson, and an unidentified officer arrived at his apartment. R. & R. [14] at 12. When Plaintiff met the officers outside, Officer Lee allegedly stated "Marx sent me here, I don't want to hear nothing about no conspiracy." *Id.* Plaintiff then explained his history with Officer Williamson to the other officers and asked for medical treatment. *Id.* Plaintiff walked back inside his apartment, Pl.'s Depo. [35-1] at 91-92, but immediately walked back outside to talk to the officers, *id.* at 97. At some point, Plaintiff returned to his apartment, but the officers then "rush[ed] in" because he "started fussing again." *Id.* Once inside his living room, Officer Williamson allegedly grabbed Plaintiff by his collar and shoved him into a reclining chair, R. & R. [14] at 12, causing him to hit his hand on the armrest of the recliner, Pl.'s Depo. [35-1] at 119. Plaintiff maintains that Officer Lee was present and did not prevent the shove. *See* R. & R. [14] at 12.

Defendants propounded requests for admission to Plaintiff on July 1, 2025. *See* Doc. [32]. Plaintiff's responses were due on or before July 31, 2025, but he never responded. Subsequently, Defendants filed the present Motion [35] seeking summary judgment based on Plaintiff's deemed admissions, or alternatively, on grounds of qualified immunity.

## II. <u>DISCUSSION</u>

A.    <u>Standard of Review</u>

1.    <u>Summary Judgment</u>

Federal Rule of Civil Procedure 56 requires summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310 (5th Cir. 2017) (quotation marks and citation omitted). "The nonmovant must then come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quotation marks omitted). But "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Murrell v. Casterline*, 307 F. App'x 778, 779 (5th Cir. 2008) (per curiam).

2.    <u>Qualified Immunity</u>

"Section 1983 creates a private right of action for redressing violations of federal law by those acting under the color of state law." *Olabisimotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). "In response, officials may raise a defense of qualified immunity," *Stevenson v. Tocé*, 113 F.4th 494, 501 (5th Cir. 2024), and once invoked, "qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available," *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016); *see also Cooper v. Brown*, 844

4

F.3d 517, 522 (5th Cir. 2016).  To show that qualified immunity is unavailable, the plaintiff must establish: "(1) that the officer 'violated a federal statutory or constitutional right' and (2) that 'the unlawfulness of the conduct was clearly established at the time.'"  *Ramirez v. Escajeda*, 921 F.3d 497, 500 (5th Cir. 2019) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018)) (cleaned up).  "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015).  And whether the conduct was "clearly established" encompasses "the objective reasonableness of a defendant official's conduct." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam).

3.   Federal Rule of Civil Procedure 36

"Rule 36 allows litigants to request admission as to a broad range of matters, including ultimate facts, as well as the applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (gathering cases); *see also* Fed. R. Civ. P. 36.  "A matter admitted under Rule 36 is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *1 (5th Cir. Jan 10, 2022) (per curiam) (cleaned up); *see also Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) ("[F]acts deemed admitted by [Plaintiff's] failure to respond in a timely manner are conclusive as to the matters admitted.").  "Courts have long recognized that summary judgment is proper where a party fails to respond to Rule 36 admissions requests on material facts," *Poon-Atkins,* 2022 WL 102042 at *1, and "Rule 56(c)

specifies that 'admissions on file,' can be an appropriate basis for granting summary judgment," *id.* (quoting Fed. R. Civ. P. 56(c)). "A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes," *id.*, and the Fifth Circuit applies Rule 36 "equally and consistently to represented and pro se parties alike," *id.* at *2.

B.    Analysis

1.    Plaintiff's Deemed Admissions Bar His Claims

On July 1, 2025, Defendants filed a notice of service of discovery requests upon Plaintiff, including interrogatories, *see* Doc. [30], requests for production of documents, *see* Doc. [31], and requests for admission, *see* Doc. [32]. That same day, Defendants emailed Plaintiff and notified him that "[w]e have mailed you a paper copy of Defendants First Set of Interrogatories, Requests for Production, and Requests for Admission to the address you provided to the Court and that is listed on the electronic docket." Doc. [35-3]. Hours later, Plaintiff acknowledged receipt of their email, *see id.*, but despite acknowledging the email, Plaintiff never responded to the requests for admission, nor has he ever sought to withdraw them. Pertinent here, Defendants propounded the following two requests for admission:

> **REQUEST FOR ADMISSION NO. 1:** Admit that your allegations regarding Officer Lee, Officer Williamson, and an additional officer visiting your apartment and pushing you into a recliner are false and untrue.
> **REQUEST FOR ADMISSION NO. 2:** Admit that your allegations regarding Officer Lee, Officer Williamson, and an additional officer visiting your apartment and pushing you into a recliner, if true, occurred before March 2020.

6

The Court concludes that due to Plaintiff's failure to respond to Defendants'
requests, Request for Admission No. 1 and Request for Admission No. 2 are properly
deemed admitted under Rule 36. These deemed admissions conclusively establish
that Plaintiff was not pushed into a recliner by the officers, and if he was, it
occurred before March 2020. *Poon-Atkins*, 2022 WL 102042, at *1.

According to the Magistrate's Report and Recommendation [14], Plaintiff
alleged that sometime between May 29, 2020, and June 10, 2020, Officer
Williamson used excessive force by pushing him into a recliner and Officer Lee
failed to intervene. *See* R. & R. [14] at 12. But Plaintiff cannot rely on allegations
in response to summary judgment, and by operation of Rule 36, Plaintiff is deemed
to have admitted that this incident did not happen, and therefore there is no factual
basis to support his remaining excessive force claim against Officer Williamson. *See*
*Amador v. Wolfe*, No. 20-50646, 2021 WL 3889305, at *3 (5th Cir. Aug. 30, 2021)
(per curiam) (affirming grant of summary judgment on plaintiff's section 1983
claims and concluding that the plaintiff was deemed to admit a body cavity search
never occurred when he failed to respond to defendant's request to admit that a
body cavity search had not occurred). And with no excessive force claim, there is no
underlying constitutional violation to form the basis of Plaintiff's failure to
intervene claim against Officer Lee or his civil conspiracy claims against Hal Marx
and the City of Petal. *See Castro v. Kory*, No. 23-50268, 2024 WL 1580175, at *5
(5th Cir. Apr. 11, 2024) (per curiam) ("A failure to intervene claim arises when an
officer, who can prevent harm caused by a fellow officer's constitutional violations,

fails to act.") (citing *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 480 (5th Cir. 2014));

*Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (stating that a conspiracy claim is

not actionable without a violation of section 1983); *Becerra v. Asher*, 105 F.3d 1042,

1048 (5th Cir. 1997) ("Without an underlying constitutional violation, an essential

element of municipal liability is missing.").

Plaintiff has also admitted that his claims are time-barred.  In *Owens v.

Okure*, 488 U.S. 235, 249-50 (1989), the United States Supreme Court held that a

forum state's general or residual statute of limitations for personal injury claims

applies to section 1983 claims.  *See also Brown v. Pouncy*, 93 F.4th 331, 332 (5th

Cir. 2024) (same).  "In Mississippi, 42 U.S.C § 1983 suits are governed by the

general statute of limitations, which requires the commencement of an action

within three years of the action's accrual." *McCain v. Vance*, No. 3:19-CV-253, 2020

WL 1923172, at *2 (N.D. Miss. Apr. 21, 2020) (citing Miss. Code Ann. § 15-1-49 and

*James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990)).  Plaintiff's failure to respond

conclusively establishes that even if Plaintiff's claims are true, the events in

question occurred before March 2020.  Plaintiff did not file his Complaint [1] until

March 8, 2023, rendering his claims under 42 U.S.C. § 1983 time-barred by the

three-year statute of limitations. *See id.* at *2.

Plaintiff has not responded to Defendant's summary judgment motion, nor

has he sought to withdraw his admissions under Rule 36, conclusively establishing

that the alleged violations never occurred, and if they did, they occurred more than

three years before Plaintiff filed suit.  Plaintiff's claims should be dismissed.

2.    <u>Plaintiff's Claims Also Fail on the Merits</u>

a.    <u>Excessive Force Claim</u>

As construed by the Magistrate Judge, Officer Williamson allegedly used excessive force when he pushed Plaintiff into a recliner, R. & R. [14] at 12, causing Plaintiff's injured hand to "hurt," Pl's. Depo. [35-1] at 119.  Plaintiff's excessive force claim against Officer Williamson should be dismissed for two reasons.

First, Plaintiff does not provide any competent evidentiary support for a necessary element of his claim.  "[T]o state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500-01 (5th Cir. 2008).  "An injury is legally cognizable when it results from a degree of force that is . . . objectively unreasonable under the circumstances," *id.*, and an injury must be more than "de minimis," *Byrd v. Cornelius*, 52 F.4th 265, 274 (5th Cir. 2022).  This is a fact-specific inquiry and "even relatively insignificant injuries . . . will prove cognizable when resulting from an officer's unreasonably excessive force." *Brown v. Lynch*, 534 F. App'x 69, 79 (5th Cir. 2013) (quotation omitted).

During his deposition, Plaintiff stated:

Q.    Okay. Did you suffer an injury – were you injured because of the recliner.

A.    I was injured before the recliner and they hurt my hand, rehurt it in [sic] the recliner.

Q.    I know you were injured before the recliner. We spoke about that. Were you injured because of the recliner?

A.    It hurt.
Q.    I know but did you suffer any new injury?
A.    I don't know. . . .

Pl's. Depo [35-1] at 119.  Plaintiff later stated that he did not take any pain

medication, nor did he go to the emergency room or see a doctor.  *Id.*  In short,

Plaintiff has not provided sufficient competent evidence to show that he suffered a

cognizable injury directly and only caused by Defendant Williamson's excessive

force.  *See Davis v. Chandler*, No. 1:21-CV-682, 2022 WL 17842971, at *4 (W.D. Tex.

Nov. 10, 2022) (granting summary judgment on section 1983 claim where the

plaintiff provided no competent evidence to support his injury).

      Second, even if Plaintiff suffered an injury that was more than de minimis,

Defendant would be entitled to summary judgment on the basis of qualified

immunity.  Plaintiff bears the burden of overcoming both prongs of qualified

immunity, *see Ramirez*, 921 F.3d at 500, and here, he offers no support nor makes

any argument that Officer Williamson violated clearly established law when he

shoved Plaintiff into a recliner.  Plaintiff's excessive force claim against Officer

Williamson should be dismissed.

b.    Failure to Intervene Claim Against Officer Lee

      According to the Report and Recommendation [14], Plaintiff alleges that

Officer Lee failed to intervene and prevent Officer Williamson's use of excessive

force.  R. & R. [14] at 12.  Defendants argue that Officer Lee had no time to

intervene, Mem. [36] at 16, but even if he did, he would be entitled to qualified

immunity because it was not clearly established that Officer Lee had a duty to

intervene under these circumstances, *id.* at 21.  Plaintiff's claims against Officer
Lee should be dismissed for three reasons.

First, because Defendant Williamson did not use excessive force, there is no
basis for a failure to intervene claim against Officer Lee.  *See Gilbert v. French*, 364
F. App'x 76, 84 (5th Cir. 2010) (per curiam) ("Since we conclude no officer used
excessive force in apprehending [Plaintiff], we simultaneously conclude that no
officer unconstitutionally failed to intervene").  Second, Plaintiff has not presented
competent record evidence to support an essential element of his claim.  "A failure
to intervene claim against a police officer requires that the officer (1) knows that a
fellow officer is violating an individual's constitutional rights; (2) is present at the
scene of the constitutional violation; (3) has a reasonable opportunity to prevent
harm; and (4) chooses not to act."  *Armstrong v. Ashley*, 60 F.4th 262, 280 (5th Cir.
2023) (citation omitted).

At his deposition, Plaintiff testified that Officer Williamson immediately
grabbed and shoved him.  Pl's Depo. [35-1] at 111.  Plaintiff has provided no
competent summary judgment evidence to suggest that Officer Lee had a
reasonable opportunity to prevent any harm, and Plaintiff's own deposition
testimony reflects that he did not.  *See Graham v. Dallas Area Rapid Transit*, 288
F. Supp. 711, 746 (N.D. Tex. 2017) (granting summary judgment on a section 1983
claim because the plaintiff "failed to provide even a scintilla of evidence to support
his claim. By not responding to the Officers' arguments and submitting any
evidence in support of his section 1983 failure-intervene claim . . . [he] has failed to

raise a genuine issue of material fact"); *Morris v. Pierce*, No. 07-cv-0080, 2008 WL 4287969, at *7 (W.D. La. Sept. 17, 2008) (no bystander liability because no summary-judgment evidence suggested that the officer had a reasonable opportunity to intervene in a struggle that lasted 10-15 seconds). In short, Plaintiff has not provided competent evidence that Officer Lee had a reasonable opportunity to intervene.

Third, even if there was an underlying constitutional violation and Officer Lee failed to intervene, Officer Lee would be entitled to qualified immunity because Plaintiff has cited to no authority demonstrating that it was clearly established at the time that Officer Lee had a duty to intervene under such circumstances. *See Norman v. Ingle*, 151 F.4th 707, 714 (5th Cir. 2025) (per curiam) (affirming summary judgment where the plaintiff offered no "analogous case law that a reasonable officer would know of his duty to intervene under these circumstances"). Plaintiff has not sustained his burden in this regard. The failure to intervene claim against Officer Lee should be dismissed.

c.    Civil Conspiracy Claim Against Hal Marx

As construed by the Magistrate Judge, Plaintiff's civil conspiracy claim is based on his assertion that when the officers arrived at his residence, they stated that Hal Marx had sent them. R. & R. [14] at 13. Defendants contend that Plaintiff cannot establish an underlying constitutional violation, Mem. [36] at 16, that he lacks both "direct and circumstantial evidence" to support this claim, *id.* at 17, and

that in any event, Hal Marx would be entitled to qualified immunity, *id.* at 21.  This claim should be dismissed for multiple reasons.

First, because Plaintiff cannot show excessive force, there is no underlying constitutional violation to support a civil conspiracy.  *See Lefebure v. Boeker*, No. 17-01791-BAJ-EWD, 2024 WL 2947720, at *2 (M.D. La. June 11, 2024).  Second, Plaintiff has offered no summary judgment evidence whatsoever to support his position.  "In order to prevail on a section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."  *Armstrong*, 60 F.4th at 280 (quoting *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990)).  Plaintiff simply alleged the existence of a conspiracy, but he has submitted no evidence of any agreement.  This is insufficient at summary judgment.  *See Castillo v. City of Weslaco*, No. M-07-85, 2009 WL 10692624, at *9 (S.D. Tex. Jan. 26, 2009) (granting summary judgment where plaintiff provided no evidence of an agreement between the defendants); *see also Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("The conspiracy allegations made by [Plaintiff] are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim.").

Third, even if there was a violation, Hal Marx would be entitled to qualified immunity because Plaintiff has not carried his burden of showing that directing officers to Plaintiff's house would have violated clearly established law at the time.  The civil conspiracy claim against Hal Marx should be dismissed.

d.    <u>Civil Conspiracy Claim Against the City of Petal, Mississippi</u>

Plaintiff has alleged that Hal Marx, as the mayor and policymaker for the City of Petal, directed the officers to his home. R. & R. [14] at 13-14. Defendants contend that this claim must fail because there was no underlying constitutional violation, Mem. [36] at 21, and even if there was, Plaintiff has proffered no evidence of a policy or custom, *id.* at 22.

"Municipal liability under § 1983 requires a tri-partite showing of a policymaker, a policy or custom, and a constitutional violation whose moving force is the policy or custom[.]" *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (per curiam). Plaintiff has not presented any evidence of a policy or custom, and he cannot rely on unsupported assertions in his Complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (stating that a party must "go beyond the pleadings" and designate specific facts "showing that there is a genuine issue for trial"). In addition, because Plaintiff has also not shown that Officer Williamson violated his constitutional rights, the City of Petal is entitled to summary judgment. *See Aly*, 605 F. App'x at 262 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Plaintiff's lack of evidence dooms his municipal liability claim against the City of Petal, *see Rayburn v. Forrest County, Mississippi*, 2:20-cv-155-KS, 2022 WL 16921824, at *3 (S.D. Miss. Oct. 12, 2022) (granting summary judgment where the plaintiff did not show any evidence outside of the complaint of either a constitutional violation or that any policymaker, policy, or custom was the moving force behind the violation), and this claim should be dismissed.

III.  <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants City of Petal, Hal Marx, Dereginal Williamson, and Unknown Lee's Motion [35] for Summary Judgment is **GRANTED**, and Plaintiff Jay Riley's claims against all Defendants are **DISMISSED WITH PREJUDICE.**  The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of November, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE